IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND CLAUDIO,

    Plaintiff,

v.                                           CASE NO. 5:13-cv-00345-MP-EMT

MICHAEL CREWS, et al.,

    Defendants.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated February 25, 2014. (Doc. 16).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  I have made a *de novo* determination of any timely filed objections.  Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

In his Second Amended Complaint, Plaintiff, proceeding *in forma pauperis*, raises a variety of federal and state claims arising out of events that occurred from October 23, 2012 to November 19, 2012, while he was housed in administrative confinement as an inmate of the Jackson Correctional Institution.  Doc. 14 at 4-6.  The Magistrate Judge entered a Report and Recommendation, finding that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  (Doc. 16).  On March 5th and 7th, 2014, respectively, Plaintiff filed with the Court a motion to strike (doc. 18)

and objections (doc. 19) to the Report and Recommendation.  The two documents raise substantively similar and/or overlapping objections to the Magistrate Judge's findings.  The Court has considered both documents in its *de novo* determination.

The majority of Plaintiff's objections are without merit and simply consist of bare refutations of the Report and Recommendation that fail to undermine the Magistrate Judge's legal findings.  However, Plaintiff does assert that the Magistrate Judge failed to consider the appropriate iteration of Plaintiff's complaint in issuing the Report and Recommendation.  At issue before the Court is Plaintiff's Second Amended Complaint.  (Doc. 14).  Plaintiff argues that the Report and Recommendation improperly relied on allegations from the First Amended Complaint rather than the Second Amended Complaint.  *See* Doc. 18 at 1-2; Doc. 19 at 1.  The Report and Recommendation includes a discussion of Plaintiff's federal conspiracy claims.  *See* Doc. 16 at 5-7.  Although Plaintiff included such claims in his First Amended Complaint, Plaintiff argues that he abandoned these claims in his Second Amended Complaint.  According to Plaintiff, the Report and Recommendation must have, therefore, been improperly issued in reference to the First Amended Complaint, and this Court should strike the document.

However, this objection lacks merit.  First, the Magistrate Judge clearly cites to Plaintiff's Second Amended Complaint by name, document number, and page number throughout the Report and Recommendation.  *See, e.g.*, Doc. 16 at 1-4.  Second, the Court has a duty to construe the Second Amended Complaint liberally in light of Plaintiff's *pro se* status.  *See Harris v. Ostrout*, 65 F.3d 912, 915 (11th Cir. 1995).  Construed liberally, the Second Amended Complaint appears to continue to allege federal conspiracy claims.  *See* Doc. 14 ¶ 21 ("Defendant Cloud[] and Jones entered into a conspiracy to retaliate against the Plaintiff . . . .");  ¶ 26 ("The Plaintiff reported to medical as instructed, and this defendant[,] acting in bad faith

and in furtherance of the conspiracy . . . ."). Thus, the Magistrate Judge appropriately addressed the conspiracy claims in the Report and Recommendation. Finally, having considered both the Second Amended Complaint and the Report and Recommendation, the Court finds that the Report and Recommendation adequately addresses the allegations raised in the Second Amended Complaint.

Plaintiff also asserts that the Magistrate Judge improperly characterized his allegations of Eighth Amendment violations committed by Defendant Jones. Doc. 18 at 2. Plaintiff argues that he alleged that Defendant Jones chemically assaulted inmates every three days. *See* Doc. 18 at 2. However, the Report and Recommendation found that "Plaintiff admits that Captain Jones did this only three (3) times during Plaintiff's 24-day placement" in administrative confinement. Doc. 16 at 9.

Turning to the Second Amended Complaint, Plaintiff's allegations are vague as to how often Defendant Jones chemically assaulted inmates in administrative confinement during the relevant time period. Plaintiff initially alleges that, on average, inmates were chemically assaulted by Defendant Jones and staff at the Jackson Correctional Institute every three (3) days. Doc. 14 ¶ 51. He then alleges that, during the relevant time period, only three inmates were chemically assaulted by Defendant Jones. *Id.* at ¶ 54. Neither of these allegations specify whether or how often these assaults occurred in the administrative confinement area. Further, Plaintiff alleges only one specific instance in which the chemical assault affected him. *Id.* at ¶¶ 53. As the Magistrate Judge properly concluded, such allegations fail to adequately state a plausible Eighth Amendment claim against Defendant Jones. Taken as true, Plaintiff's allegations fail to demonstrate a prison condition that "'pose[s] an unreasonable risk of serious damage to [Plaintiff's] future health' or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th

Cir. 2004) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).  As such, the claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's motion to strike (Doc. 18) is DENIED.

2. The Magistrate Judge's Report and Recommendation (Doc. 16) is adopted and incorporated by reference in this order.

3. Plaintiff's federal claims are DISMISSED with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  These include Plaintiff's First Amendment retaliation claims; Plaintiff's Eighth Amendment claims; Plaintiff's Fourteenth Amendment Due Process claims; and, to the extent they are raised in the Second Amended Complaint, Plaintiff's federal conspiracy claims.

4. Plaintiff's state law claims are DISMISSED without prejudice to Plaintiff's pursing them in state court.

**DONE AND ORDERED** this   *1st*  day of May, 2014

                                     *s/Maurice M. Paul*
                                     Maurice M. Paul, Senior District Judge